UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOWER HILL SIGNATURE
INSURANCE COMPANY,
as subrogee of Kelly Riley,

    Plaintiff,
v.                                   Case No. 8:21-cv-1106-VMC-SPF

LENRIC C21, LTD.,
PET SUPPLY IMPORTS, INC.,
and AMAZON.COM SERVICES LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court sua sponte. For the reasons set forth below, the complaint (Doc. # 1) is dismissed as a shotgun pleading.

**I.  Background**

Plaintiff Tower Hill Signature Insurance Company filed this products liability action on May 6, 2021. (Doc. # 1). Tower Hill alleges that Defendants Lenric C21, Ltd., Pet Supply Imports, Inc., and Amazon.com Services LLC acted tortiously in "selling and delivering a defective 'Snuggle Safe Microwave Heat Pad.'" (Id. at ¶ 11). The Snuggle Safe Microwave Heat Pad was sold to subrogee Kelly Smith in April 2017, and allegedly caused a fire at her home, resulting in "severe damage" to her property. (Id. at ¶¶ 17, 20-23).

1

The complaint includes the following causes of action against all Defendants: negligence (Count I), strict products liability – failure to warn (Count II), strict products liability – design defect (Count III), strict products liability – manufacturing defendant (Count IV), malfunction theory (Count V), breach of the implied warranty of merchantability (Count VI), and violations of the Magnuson-Moss Warranty Act (Count VII). (Doc. # 1).

Upon review of the docket, it does not appear as though Tower Hill has executed service upon any of the Defendants. The service deadline is currently August 4, 2021. See Fed. R. Civ P. 4(m) (providing for a ninety-day service deadline).

## II. Discussion

The Court has an independent obligation to dismiss a shotgun pleading. "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader." McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-GAP-KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (emphasis omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing

2

multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Here, the complaint is a shotgun pleading because it falls within the first category identified in Weiland. Counts II, III, IV, V, VI, and VII roll all preceding allegations into each count. (Doc. # 1 at ¶¶ 31, 44, 54, 63, 73, 84). Indeed, each of these counts begins by stating: "Plaintiff[] Tower Hill hereby realleges and reaffirms each and every allegation contained in all preceding paragraphs." (Id.). This is impermissible. See Weiland, 792 F.3d at 1322

(identifying "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" as a shotgun complaint).

Accordingly, the complaint is dismissed as a shotgun pleading. See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (affirming the district court's sua sponte dismissal of a shotgun pleading). However, the Court grants leave to amend. See Madak v. Nocco, No. 8:18-cv-2665-VMC-AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018) ("Because the [complaint] is a shotgun complaint, repleader is necessary[.]"). In repleading, the Court advises that Tower Hill clearly delineate the allegations as to each Defendant. See Fischer v. Nat'l Mortg. Ass'n, 302 F. Supp. 3d 1327, 1334 (S.D. Fla. 2018) ("[A] plaintiff 'must treat each Defendant as a separate and distinct legal entity and delineate the conduct at issue as to each Defendant.'" (citation omitted)).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The complaint (Doc. # 1) is sua sponte **DISMISSED** as a shotgun pleading.

(2) Plaintiff Tower Hill Signature Insurance Company may file an amended complaint that is not a shotgun pleading

by **June 16, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of June, 2021.

                                             _____
                                             VIRGINIA M. HERNANDEZ COVINGTON
                                             UNITED STATES DISTRICT JUDGE